**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **EDWARD D'ANDREA,** | |
| **PLAINTIFF,** | **Civil Action No. _____** |
| **v.** | |
| **R&Q SOLUTIONS LLC,** | |
| **DEFENDANT.** | **JURY TRIAL DEMANDED** |

**COMPLAINT AND JURY DEMAND**

Plaintiff Edward D'Adnrea, by and through his attorneys, Bell & Bell LLP, hereby files the following Complaint and Jury Demand ("Complaint").

**PRELIMINARY STATEMENT**

1.      This is an action for an award of damages and other relief on behalf of Plaintiff Edward D'Andrea (hereinafter "Plaintiff" or "Mr. D'Andrea"), a former employee of R&Q Solutions LLC, (hereinafter "R&Q" or "Defendant"). Despite his loyalty and consistent performance, Mr. D'Andrea was subjected to discrimination and harassment on the basis of his age and sex, culminating in his wrongful termination on August 11, 2023.

2.      This action arises under the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq. ("ADEA"), Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000(e), et. seq., the Philadelphia Fair Practices Ordinance ("PFPO"), the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq. ("PHRA"), and the common law of the Commonwealth of Pennsylvania.

**JURISDICTIONAL STATEMENT**

3.      This Court has original jurisdiction over all civil actions arising under the Constitution, laws or treaties of the United States pursuant to 29 U.S.C. §§ 1331 and 1391.

4.      The jurisdiction of this Court is also invoked pursuant to 28 U.S.C. § 1343(4), which grants the District Court original jurisdiction in any civil action authorized by law to be commenced by any person to recover damages to secure equitable or other relief under any act of Congress providing for the protection of civil rights.

5.      This Court has supplemental jurisdiction over any Pennsylvania state law claims pursuant to 28 U.S.C. § 1367.

6.      All conditions precedent to the institution of this suit have been fulfilled. On December 7, 2023, Plaintiff timely filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), which was dual-filed as a Complaint with the Pennsylvania Human Relations Commission ("PHRC"). On March 17, 2025, the EEOC issued a Notice of Right to Sue to Plaintiff. This action has been filed within ninety (90) days of Plaintiff's receipt of said Notice.  With respect to the PHRA claims alleged herein, it has been more than one year since Mr. D'Andrea dual-filed his Charge as a Complaint with the PHRC.

**VENUE**

7.      This action properly lies in the Eastern District of Pennsylvania, pursuant to 28 U.S.C. § 1391(b).

8.      This action properly lies in the Eastern District of Pennsylvania because significant activities associated with the claims alleged took place in this jurisdiction and because Plaintiff was employed and terminated by Defendant in this jurisdiction.

**PARTIES**

9.      Plaintiff Edward D'Andrea is an adult male citizen and resident of Collingswood, New Jersey and the United States of America.

10.      Mr. D'Andrea is sixty-five (65) years old and within the class of individuals protected against discrimination by the ADEA.

11.      At the time of his termination, Mr. D'Andrea was sixty-three (63) years old.

12.      Defendant R&Q Solutions LLC ("R&Q") is a company that provides insurance brokerage services and technology solutions with a corporate office located at Two Logan Square, Suite 600, Philadelphia, Pennsylvania 19103.

13.      At all relevant times, Defendant is and has been an employer employing more than 50 employees.

14.      At all relevant times, employees of Defendant acted as agents and servants for Defendant.

15.      At all relevant times, employees of Defendant were acting within the scope of their authority and in the course of their employment under the direct control of Defendant.

16.      At all times material hereto, Defendant acted by and through its authorized agents, servants, workmen and/or employees acting within the course and scope of their employment with Defendant and in furtherance of Defendant's business.

17.      At all relevant times hereto, Plaintiff was an "employee" of Defendant within the meanings of the laws at issue in this suit and is accordingly entitled to the protection of said laws.

18.      At all relevant times hereto, Defendant was an "employer" and/or "person" under the laws at issue in this matter and is accordingly subject to the provisions of said laws.

19.     This Honorable Court has personal jurisdiction over the Defendant.

**FACTS**

20.     On or about February 10, 2022, Mr. D'Andrea was hired by R&Q in the position of Senior Technical Claims Specialist.

21.     While employed by R&Q, Mr. D'Andrea performed his duties in an excellent and hardworking manner.

22.     Despite his loyalty and consistent performance, Mr. D'Andrea was discriminated against and harassed on the basis of his age and sex, culminating in his wrongful termination on August 11, 2023.

23.     During his employment, in or about July 2022, R&Q instituted a change in management.

24.     The new Vice President, Hillary Jarvis, in charge of Mr. D'Andrea's department is a younger female in her 40s.

25.     Mr. D'Andrea is aware that Ms. Jarvis made a comment that she "did not like old people."

26.     Since the new management took over, Mr. D'Andrea, who was a sixty-three male at the time, noticed that his department was systematically turned over, from older people to younger individuals, and to significantly more females.

27.     Specifically, two older males, both over 50 years old (one was 61 years old and the other in his mid-50s) were terminated, while R&Q hired several younger females (at least three), aged 35-45.

28.     In addition, there was better treatment generally afforded to the younger and female workers.

29.     For example, despite the full and heavy workload imposed upon Mr. D'Andrea, R&Q still demanded that Mr. D'Andrea get licensed in New York by September 1, 2023.

30.     Conversely, a younger employee that had been recently hired, who happened to previously work together with Mr. D'Andrea's direct manager Laura Schoefer, was given minimal work to do and thus was given plenty of time to prepare for and get a corresponding license.

31.     The acts of Defendant made clear that they were on a mission to eliminate the older employees.

32.     In addition to terminating the older males, Mr. D'Andrea and two other employees over 50 years old were put on Performance Improvement Plans ("PIP").

33.     The two other employees who were put on a PIP were also males over 50 years old.

34.     With respect to Mr. D'Andrea, who was put on a PIP on or about July 14, 2023, the PIP was arbitrary, entirely unjustified and issued as a result of Mr. D'Andrea's age and sex.

35.     The PIP entirely ignored the substantial amount of work that Mr. D'Andrea had performed for R&Q over the past year and ignored the significant disparity and disproportionate amount of work that Mr. D'Andrea had done as compared to others.

36.     The PIP also lacked specificity of the alleged performance deficiencies, providing no specific instances or dates for when Mr. D'Andrea allegedly did not meet R&Q's performance expectations.

37.     Mr. D'Andrea's PIP was furthermore nearly identical to the PIP issued to one of the other male employees over 50 years of age.

38.     The PIPs were issued less than two weeks apart, and both noted the same exact areas of improvement with no unique performance issues noted for Mr. D'Andrea.

39.     Some issues raised in the PIP were matters that Mr. D'Andrea had little to no training for and were tasks that he had been doing for at least 8 to 9 months without notice of any issue, yet was suddenly informed it was an issue by being placed on a PIP – which is typically used as the last step prior to termination.

40.     Although the end date of the PIP was set forth as September 5, 2023, Mr. D'Andrea was never even given a chance to demonstrate fulfillment of the PIP by that date.

41.     On August 11, 2023, almost a month before the PIP was to end, Mr. D'Andrea was terminated.

42.     The grounds for Mr. D'Andrea's termination are entirely unjustified and unwarranted.

43.     R&Q claims to have terminated Mr. D'Andrea for having "exceeded his authority limit" on a claim by $1,500.

44.     Notably, throughout his employment, Mr. D'Andrea consistently requested authorization from his supervisor for claims that exceeded his authority limit.

45.     Thus, this was not a recurrent issue where Mr. D'Andrea repeatedly failed to request authorization for claims that exceeded his authority.

46.     Additionally, Mr. D'Andrea was never denied any authority to increase the amount by such a negligible amount.

47.     Moreover, at the time that Mr. D'Andrea allowed the amount, his supervisor was on vacation, there was time pressure to agree to the amount, and Mr. D'Andrea properly used his business judgment to settle the claim for a small amount over the limit.

48.     This was the safest and most effective financial outcome for R&Q, particularly since R&Q may have incurred thousands of dollars in additional attorney's fees if the claim had not settled at that time.

49.     Notwithstanding the former, R&Q exploited this opportunity – no matter how minor it was – to terminate Mr. D'Andrea on the basis of his age and sex as part of its mission to push out older and male employees.

50.     In light of the circumstances outlined above, and given his treatment during his employment with R&Q and the circumstances surrounding his termination, Mr. D'Andrea maintains that he was discriminated against and harassed on the basis of his age and sex, and that his termination was a result of such discrimination.

51.     Based on the foregoing, Mr. D'Andrea was subjected to discrimination and harassment on the basis of his age and sex in violation of Title VII, the ADEA, the PFPO, and the PHRA.

52.     Mr. D'Andrea has suffered mental anguish and severe emotional distress as a direct and proximate result of the actions and inactions of Defendant.

53.     Defendant and its agents acted with the intent of causing or with reckless disregard for the probability that their actions would cause Mr. D'Andrea severe emotional distress.

54.     Defendant willfully violated Title VII, the ADEA, the PFPO, and the PHRA, as Defendant knew that its actions violated the statutes and/or acted with reckless disregard as to whether its actions violated Title VII, the ADEA, the PFPO, and the PHRA.

55.     Mr. D'Andrea has suffered financial losses, which include, among other things, lost wages, and an obligation for attorneys' fees and costs of bringing suit, as a direct and proximate result of the actions and inactions of Defendant.

## COUNT I
### Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq.

56.     Plaintiff Edward D'Andrea repeats and incorporates by reference the allegations of all preceding paragraphs as if fully set forth at length herein.

57.     Based on the foregoing, Defendant has engaged in unlawful employment practices in violation of the ADEA.

58.     Plaintiff is, and was at the time of his termination, over forty years of age, and was an individual within the class protected by the Age Discrimination in Employment Act.

59.     In discriminating against and harassing Mr. D'Andrea because of his age, Defendant violated the Age Discrimination in Employment Act.

60.     Defendant's violations were intentional and willful.

61.     Defendant's willful violations of the ADEA warrant an award of liquidated damages.

62.     As the direct and proximate result of Defendant's violation of the Age Discrimination in Employment Act, Plaintiff Edward D'Andrea has sustained loss of earnings, severe emotional and psychological distress, loss of self-esteem, loss of future earning power, as well as back pay, front pay, and interest due thereon, and has incurred attorneys' fees and costs.

## COUNT II
### Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e), et seq.

63.     Plaintiff Edward D'Andrea repeats and incorporates by reference the allegations of all preceding paragraphs as if fully set forth at length herein.

64. Based on the foregoing, Defendant engaged in unlawful employment practices in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000(e) et seq.

65. In discriminating against and harassing Mr. D'Andrea because of his sex, Defendant violated Title VII.

66. Defendant's violations were intentional and willful.

67. Defendant's violations warrant the imposition of punitive damages.

68. As the direct and proximate result of the aforesaid unlawful employment practices engaged in by Defendant, Plaintiff Edward D'Andrea has sustained a loss of earnings and earning potential, severe emotional and psychological distress, loss of self-esteem, loss of future earning power, as well as back pay, front pay and interest due thereon, and has incurred attorneys' fees and costs.

## COUNT III
## Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

69. Plaintiff Edward D'Andrea repeats and incorporates by reference the allegations of all preceding paragraphs as if fully set forth at length herein.

70. Based on the foregoing, Defendant has engaged in unlawful employment practices in violation of the Pennsylvania Human Relations Act.

71. In discriminating against and harassing Mr. D'Andrea because of his age and sex, Defendant violated the Pennsylvania Human Relations Act.

72. As the direct and proximate result of Defendant's violation of the Pennsylvania Human Relations Act, Plaintiff Edward D'Andrea has sustained loss of earnings, severe emotional and psychological distress, loss of self-esteem, loss of future earning power, as well as back pay, front pay, and interest due thereon, and has incurred attorneys' fees and costs.

## COUNT IV
## PHILADELPHIA FAIR PRACTICES ORDINANCE
### Philadelphia Code §§ 9-1100, et seq.

73.     Plaintiff Edward D'Andrea repeats and incorporates by reference the allegations of all preceding paragraphs as if fully set forth at length herein.

74.     Based on the foregoing, Defendant engaged in unlawful employment practices in violation of the Philadelphia Fair Practices Ordinance.

75.     In discriminating against and harassing Mr. D'Andrea because of his sex and age, Defendant violated the PFPO.

76.     As the direct and proximate result of the aforesaid unlawful employment practices engaged in by Defendant, Plaintiff Edward D'Andrea has sustained a loss of earnings and earning potential, severe emotional and psychological distress, loss of self-esteem, loss of future earning power, as well as back pay, front pay and interest due thereon, and has incurred attorneys' fees and costs.

## PRAYER FOR RELIEF

77.     Plaintiff Edward D'Andrea repeats and incorporates by reference the allegations of all preceding paragraphs as if fully set forth at length herein.

**WHEREFORE**, Plaintiff Edward D'Andrea respectfully requests that this Court enter judgment in his favor and against Defendant R&Q Solutions LLC, and Order:

a.  Appropriate equitable relief, including reinstatement or front pay;

b.  Defendant to compensate Plaintiff with a rate of pay and other benefits and emoluments of employment to which he would have been entitled had he not been subjected to unlawful discrimination, harassment, and wrongful termination;

10

c.  Defendant to compensate Plaintiff with the wages and other benefits and emoluments of employment lost because of Defendant's unlawful conduct;

d.  Defendant to pay Plaintiff punitive damages;

e.  Defendant to pay Plaintiff liquidated damages;

f.  Defendant to pay Plaintiff compensatory damages for future pecuniary losses, pain and suffering, inconvenience, mental anguish, loss of employment and other nonpecuniary losses as allowable;

g.  Defendant to pay Plaintiff's costs of bringing this action, including, but not limited to, Plaintiff's attorneys' fees;

h.  Plaintiff be granted any and all other remedies available under the ADEA, Title VII, the PFPO and the PHRA; and

i.  Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff Edward D'Andrea hereby demands trial by jury as to all issues so triable.

BELL & BELL LLP

By:   */s/ Christopher A. Macey, Jr.*
Christopher A. Macey, Jr., Esquire
One Penn Center
1617 JFK Blvd. – Suite 1254
Philadelphia, PA 19103
(215) 569-2285

*Attorneys for Plaintiff Edward D'Andrea*

Dated: June 12, 2025

11